IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JERRY ROGERS                                                                                      PLAINTIFF

v.                    Civil No. 2:17-CV-02115-PKH-MEF

DEPUTY JUSTIN STAGGS and HEAD                                                      DEFENDANTS
NURSE CINDY (Sebastian County
Detention Center

## ORDER

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro se and in forma pauperis.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen any complaint in which an individual has sought leave to proceed IFP. 28 U.S.C. § 1915(e)(2). On review, the Court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

**I.      BACKGROUND**

Plaintiff filed his complaint on July 12, 2017. (Doc. 1). He alleges he slipped and fell while incarcerated in the Sebastian County Detention Center. He alleges the deputies knew about the hazardous living conditions and chose to ignore them. He alleges the medical staff had other inmates force him to his feet and walk to the infirmary. (Doc. 1, p. 4).

Plaintiff proceeds against all Defendants in their official capacity only. (Doc. 1, p. 2). Plaintiff seeks monetary damages for pain and suffering "from gross neglect" which resulted in his injury. (Doc. 1, p. 5).

## II. ANALYSIS

Plaintiff failed to make any allegations against either named Defendant in his complaint. Merely listing a Defendant in a case caption is insufficient to support a claim against the Defendant. *Krych v. Hass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam) ("court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in caption")). Even in an official capacity suit under section 1983, "a plaintiff must show either that the official named in the suit took an action pursuant to an unconstitutional governmental policy or custom ... or that he or she possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner." *Sexton v. Wayne*, 4:13CV3171, 2014 WL 1767472, at *1 (D. Neb. May 2, 2014) (quoting *Nix v. Norman*. 879 F.2d 429, 433 (8th Cir. 1989). As Plaintiff merely listed both Defendants in the caption of the case, he has failed to state a plausible claim against either Defendant.

Even if Plaintiff had made affirmative allegations against Defendant Staggs, he failed to state a plausible claim for injury as a result of his slip and fall. Plaintiff alleges he slipped and fell because unnamed deputies chose to ignore unidentified hazardous conditions. [T]he existence of slippery conditions in any populous environment represents at most ordinary negligence rather than a condition so threatening as to implicate constitutional standards." *Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014). "[S]lippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment." *Jackson v. State of Ariz.,* 885 F.2d 639, 641 (9th Cir. 1989).

Plaintiff also alleges that unnamed medical staff had other inmates force him to get up and walk to the infirmary after his fall. Plaintiff does not name Defendant Nurse Cindy as one of the medical staff who were present. Plaintiff does not identify what injuries he suffered as a result of the alleged slip and fall. Even if Plaintiff had alleged that Nurse Cindy had been present, he failed

2

to state a plausible claim for denial of medical care. It is well settled that a "prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citations omitted). Here, Plaintiff alleges that medical staff were present after he fell. Thus, Plaintiff does not allege he was denied medical care; he merely disagrees with the fact that he was made to walk to the infirmary to receive that care after medical staff determined he could do so.

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

Judgment will be entered accordingly.

IT IS SO ORDERED this 28th day of August, 2017.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE